EILEEN R. RIDLEY, CA Bar. No. 151735
    eridley@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
Telephone:  (415) 434-4484
Facsimile:   (415) 434-4507

JAY N. VARON (*pro hac vice motion forthcoming*)
    jvaron@foley.com
DAVID A. HICKERSON (admitted *pro hac vice*)
    dhickerson@foley.com
DAVID L. ROSEN (*pro hac vice motion forthcoming*)
    drosen@foley.com
JARREN N. GINSBURG (admitted *pro hac vice*)
    jginsburg@foley.com
**FOLEY & LARDNER LLP**
3000 K Street, N.W.
Washington, D.C.  20007
Telephone:    202.672.5380
Facsimile:     202.672.5399

Attorneys for Defendant Rite Aid
Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BAILEY, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>RITE AID CORPORATION,<br><br>                              Defendant. | Case No. 4:18-cv-06926-YGR<br><br>**DEFENDANT RITE AID'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:         Yvonne Gonzalez Rogers<br>Trial Date: Not Set<br><br>Complaint Filed:    November 15, 2018<br>FAC Filed:              January 15, 2019 |

**DEFENDANT'S ANSWER TO PLAINTIFF'S**

**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Rite Aid Corporation ("Rite Aid") responds to each numbered paragraph of the First Amended Class Action Complaint (the "FAC") in numbered responses corresponding to the numbered paragraphs of the FAC. Unless specifically admitted, each allegation of the FAC is denied.

1. Rite Aid admits that it is a large retail company and that it operates thousands of locations in the United States.

2. Rite Aid admits that it sells a variety of health and wellness products, including over-the-counter pharmaceuticals.

3. Rite Aid admits it sells a generic version of certain over-the-counter drugs under the Rite Aid brand. Rite Aid denies that it produces, manufactures, markets or distributes generic versions of certain over-the-counter drugs, including certain analgesic or pain-relieving medicines using acetaminophen.

4. Rite Aid is without sufficient information to admit or deny Paragraph 4, and therefore denies the allegations therein.

5. Rite Aid admits it sells the product depicted in Paragraph 5, but otherwise denies the allegations of Paragraph 5.

6. Rite Aid admits it sells the product depicted in Paragraph 6, but otherwise denies the allegations of Paragraph 6.

7. Rite Aid denies the allegations in Paragraph 7.

8. Rite Aid admits that the Rite Aid products do not contain laser drilled holes. Rite Aid denies the remaining allegations in Paragraph 8.

9. Rite Aid is without sufficient information to admit or deny qualities about Tylenol's products, and therefore denies the allegations. Rite Aid denies the remaining allegations in Paragraph 9.

10. Rite Aid denies the allegations in Paragraph 10.

11. Rite Aid admits that the Kucera study, among other things, reports the results of a study regarding dissolution rates of certain acetaminophen products, and asserts that the study speaks for itself.

12. Rite Aid denies the allegations in Paragraph 12.

13. Rite Aid denies the allegations in Paragraph 13.

14. Rite Aid denies the allegations in Paragraph 14.

15. At this point in time, Rite Aid lacks sufficient information to admit or deny the allegations related to the Named Plaintiff's conduct, and therefore denies those allegation. Rite Aid further denies that all or a substantial number of Class Members would not have purchased cheaper acetaminophen products, such as the traditional Rite Aid tablets, even if they were told the relative dissolution rates between traditional Rite Aid tablets and Rapid Release Gelcaps, or any other information that Plaintiffs could postulate which would be accurate and complete. Rite Aid denies the remaining allegations in Paragraph 15.

16. Rite Aid admits that Plaintiff purports to bring this lawsuit as a class action, but denies that this lawsuit is appropriate for class treatment, is amendable to class certification or that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rite Aid denies that it has any liability to the purported class, denies that any member of the purported class has suffered any damages, and denies the remaining allegations in Paragraph 16.

## PARTIES

17. Rite Aid is without sufficient information to admit or deny the allegations of Paragraph 17, and therefore denies the allegations.

18. Admitted.

## JURISDICTION AND VENUE

19. Paragraph 19 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies the allegations of Paragraph 19.

20. Paragraph 20 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies the allegations of Paragraph 20.

21. Paragraph 21 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies the allegations of Paragraph 21.

## FACTUAL ALLEGATIONS

22. Rite Aid admits that acetaminophen is an over-the-counter pain reliever and fever reducer that comes in a variety of forms, such as the forms set forth in Paragraph 22.

23. Rite Aid admits that acetaminophen is used to treat certain common conditions, such as the types of conditions set forth in Paragraph 23.

24. Rite Aid is without sufficient information to admit or deny the allegations in Paragraph 24, and therefore denies the allegations therein.

25. Rite Aid is without sufficient information to admit or deny the allegations in Paragraph 25, and therefore denies the allegations therein.

26. Rite Aid admits that Johnson & Johnson manufactures a product with the brand name Tylenol that contains acetaminophen. Rite Aid is without sufficient information to admit or deny the remaining allegations in Paragraph 26, and therefore denies those allegations.

27. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations set forth in Paragraph 27.

28. Rite Aid is without sufficient information to admit or deny allegations about characterizations and motivations of all generic brands, and therefore denies the allegations set forth in Paragraph 28.

29. Rite Aid states that it's the allegation that its "products are profitable" is too vague to allow it to respond, and therefore denies the allegation.  Rite Aid denies the remaining allegations in Paragraph 29.

30. Rite Aid denies the allegations in Paragraph 30.

31. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 31.

32. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 32.

33. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 33.

34. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 34.

35. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 35.

36. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 36.

37. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 37.

38. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 38.

39. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 39.

40. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 40.

41. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 41.

42. Rite Aid is without sufficient information to admit or deny allegations about Johnson & Johnson's products, and therefore denies the allegations in Paragraph 42.

43. Rite Aid is without sufficient information to admit or deny allegations about "other companies," and therefore denies the allegations in Paragraph 43.

44. Rite Aid denies the allegation in Paragraph 44.

45. Rite Aid responds that there are a number of different acetaminophen products, which are sold at different prices.  Rite Aid denies the remaining allegations in Paragraph 45.

46. Rite Aid responds that there are six different rapid release products including: Rite Aid Extra Strength Acetaminophen Rapid Release Gelcaps in quantities of 50, 100, 150, and 225 gelcaps; Rite Aid Sinus & Congestion Pain Relief, Day time, Rapid Release Gelcaps in a quantity of 24 gelcaps; and Rite Aid Acetaminophen PM Rapid Release Gelcaps in a quantity of 80 gelcaps.

47. Rite Aid responds that there are a number of different acetaminophen products, which are sold at different prices.  Rite Aid denies the remaining the allegations in Paragraph 47.

48. Rite Aid is without sufficient information to admit or deny what Plaintiffs allege to be the "current" prices of the products in any or all locations as alleged in Paragraph 48, and therefore denies the allegations therein.

49. Rite Aid is without sufficient information to admit or deny the prices of its products alleged in Paragraph 49, and therefore denies the allegations therein.

50. Rite Aid denies the allegations in Paragraph 50.

51. Rite Aid is without sufficient information to admit or deny allegations regarding Johnson & Johnson products, and therefore denies those allegations in Paragraph 51. Rite Aid admits that its products may be priced lower than certain Johnson & Johnson products. Rite Aid denies the remaining allegations in Paragraph 51.

52. Rite Aid is without sufficient information to admit or deny allegations regarding Johnson & Johnson products, and therefore denies those allegations in Paragraph 52.  Rite Aid denies the remaining allegations in Paragraph 52, except that Rite Aid admits that generic brand products may be priced lower than brand name products.

53. Rite Aid denies the allegations in Paragraph 53.

54. Rite Aid denies the allegations in Paragraph 54.

55. Rite Aid responds that the depictions of the products in Paragraph 55 speak for themselves, and denies the remaining allegations in Paragraph 55.

56. Rite Aid responds that the depictions of the products in Paragraph 56 speak for themselves, and denies the remaining allegations in Paragraph 55.

57. Rite Aid is without sufficient information to admit or deny the allegations in Paragraph 57, and therefore denies those allegations

58. Rite Aid denies the allegations in Paragraph 58.

59. Rite Aid denies the allegations in Paragraph 59.

60. Rite Aid denies the allegation in Paragraph 60.

61. Rite Aid admits that the words "rapid release" appear on Class Rapid Release Gelcaps packaging. Rite Aid denies the other allegations in Paragraph 61.

62. Rite Aid is without sufficient information to admit or deny the allegations in Paragraph 62, and therefore denies those allegations.

63. Rite Aid denies the allegations in Paragraph 63.

64. Rite Aid responds that the 2018 study cited in Plaintiff's FAC speaks for itself and otherwise denies the remaining allegations of Paragraph 64.

65. Rite Aid denies the allegations in Paragraph 65.

1    66. Rite Aid denies the allegations in Paragraph 66.

2    67. Rite Aid denies the allegations in Paragraph 67.

3    68. Rite Aid denies the allegations in Paragraph 68.

4    69. Rite Aid denies the allegations in Paragraph 69.

5    70. Rite Aid responds that it had a basis for the words used on the label of its products.  Rite Aid
6    denies the remaining allegations in Paragraph 70.

7    71. Rite Aid denies the allegations in Paragraph 71.

8    72. Rite Aid denies the allegations in Paragraph 72.

9    73. Rite Aid is without sufficient information to admit or deny the allegations in Paragraph 73, and
10   therefore denies those allegations.

11   74. Rite Aid is without sufficient information to admit or deny the allegations in Paragraph 74, and
12   therefore denies those allegations.

13   75. Rite Aid is without sufficient information to admit or deny the allegations in Paragraph 75, and
14   therefore denies those allegations.

15   76. Rite Aid is without sufficient information to admit or deny the allegations in Paragraph 76, and
16   therefore denies those allegations.

17   77. Rite Aid denies the allegations in Paragraph 77.

18   78. Rite Aid denies the characterization of the price of the Class Rapid Release Gelcaps as a
19   "premium," as alleged in Paragraph 78. Rite Aid is without sufficient information to admit or deny the
20   remaining allegations in Paragraph 78, and therefore denies those allegations.

21   79. Rite Aid denies the allegations in Paragraph 79.

## CLASS ACTION ALLEGATIONS

23   80. Rite Aid denies that this lawsuit is appropriate for class treatment, is amendable to class
24   certification, or that Plaintiffs can satisfy the requirements of Rule 23 of the Federal Rules of Civil
25   Procedure. Rite Aid denies the remaining allegations in Paragraph 80.

26   81.  Rite Aid admits that Plaintiffs purport to bring this lawsuit as a class action and purport to
27   define a putative class, but denies that this lawsuit is appropriate for class treatment, is amendable to
28   class certification, or that Plaintiffs can satisfy the requirements of Rule 23 of the Federal Rules of Civil

1 Procedure.

2     82. Rite Aid admits that Plaintiffs purport to bring this lawsuit as a class action and purport to define a putative class, but denies that this lawsuit is appropriate for class treatment, is amendable to class certification, or that Plaintiffs can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

    83. Paragraph 83 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies the allegations in Paragraph 83.

    84. Paragraph 84 sets forth Plaintiff's terminology about which Rite Aid is without sufficient information to admit or deny, and therefore denies the allegations in Paragraph 84.

    85. Paragraph 85 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies that a class should be certified, but admits that the parties identified in Paragraph 85 should be excluded from any such class.

    86. Paragraph 86 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies that a class should be certified.

    87. Paragraph 87 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies that the prerequisites of Rule 23(a) can be met or that a class should be certified.

    88. Paragraph 88 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies that a class should be certified.

    89. Paragraph 89 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies that a class should be certified.

    90. Paragraph 90 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies that a class should be certified.

    91. Paragraph 91 sets forth legal conclusions to which Rite Aid need not respond. To the extent a response is required, Rite Aid denies that Plaintiffs can satisfy the requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure. Rite Aid also specifically denies that it has engaged in any "deceitful" conduct, and denies the remaining allegations in Paragraph 91.

    92. Paragraph 92 sets forth legal conclusions to which Rite Aid need not respond. To the extent the

allegations are deemed to require a response, Rite Aid denies that the elements of Rule 23(b)(3) can be met or that a class should be certified.

## TOLLING AND ESTOPPEL OF STATUTES OF LIMITATIONS

93. Paragraph 93 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, the allegations are denied.

94. Paragraph 94 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, the allegations are denied.

95. Paragraph 95 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response the allegations are denied.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW ("FAL") BUSINESS AND PROFESSIONAL CODE § 17500

**(Plaintiff Individually and on Behalf of the California Class)**

96. Rite Aid repeats and incorporates its responses above to the allegations contained in Paragraphs 1 through 95 of the FAC as if fully set forth herein.

97. Paragraph 97 is a statement of law and quotes the California Business & Professions Code, and thus, no response is required. Rite Aid answers further that the Code speaks for itself. To the extent the allegations are deemed to require a response, Rite Aid admits that a portion of Bus. & Prof. Code § 17500 is quoted in Paragraph 97.

98. Paragraph 98 sets forth legal conclusions to which Rite Aid need not respond.

99. Rite Aid denies the allegations in Paragraph 99.

100. Rite Aid denies the allegations in Paragraph 100.

101. Rite Aid denies the allegations in Paragraph 101.

102. Rite Aid denies the allegations in Paragraph 102.

103. Paragraph 103 sets forth legal conclusions and claims for relief to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies the allegations and denies that Plaintiff is entitled to any of the requested relief in Paragraph 103.

## COUNT II

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW ("UCL") BUSINESS AND PROFESSIONAL CODE § 17200

**(Plaintiff individually and on behalf of California Class)**

104.   Rite Aid repeats and incorporates its responses above to the allegations contained in Paragraphs 1 through 103 of the FAC as if fully set forth herein.

105.   Paragraph 105 is a statement of law and quotes the California Business & Professions Code, and thus, no response is required. Rite Aid answers further that the Code speaks for itself. To the extent the allegations are deemed to require a response, Rite Aid admits that a portion of Bus. & Prof. Code § 17200 is quoted in Paragraph 105.

106.   Rite Aid denies the allegations in Paragraph 106.

107.   Rite Aid denies the allegations in Paragraph 107.

108.   Paragraph 108 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies the allegations in Paragraph 108.

109.   Rite Aid denies the allegations in Paragraph 109.

110.   Paragraph 110 sets forth legal conclusions and claims for relief to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid denies the allegations and Plaintiff's entitlement to any of the requested relief in Paragraph 110.

## COUNT III

### VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT ("CLRA") CALIFORNIA CIVIL CODE § 1761

**(Plaintiff individually and on behalf of the California Class)**

111.   Rite Aid repeats and incorporates its responses above to the allegations contained in Paragraphs 1 through 110 of the FAC as if fully set forth herein.

112.   Rite Aid is without sufficient information to admit or deny the allegation in Paragraph 112 that Plaintiffs and class members purchased one or more of the Class Rapid Release Gelcaps, and therefore denies that allegation. The remaining allegations in Paragraph 112 set forth legal conclusions to which Rite Aid need not respond. To the extent these allegations are deemed to require a response,

Rite Aid denies these remaining allegations in Paragraph 112.

113. Paragraph 113 sets forth legal conclusions to which Rite Aid need not respond.

114. Rite Aid denies the allegations in Paragraph 114.

115. Rite Aid denies the allegations in Paragraph 115.

116. Rite Aid denies the allegations in Paragraph 116.

117. Rite Aid denies the allegations in Paragraph 117.

118. Rite Aid denies the allegations in Paragraph 118.

119. Rite Aid denies the allegations in Paragraph 119.

120. Paragraph 120 sets forth legal conclusions to which Rite Aid need not respond. To the extent the allegations are deemed to require a response, Rite Aid is without sufficient information to admit or deny the allegations in Paragraph 120, and therefore denies those allegations.

121. Rite Aid denies the allegations in Paragraph 121.

122. Rite Aid denies the allegations in Paragraph 122.

## DISMISSED CLAIMS

123. Because the Court dismissed Counts IV-VI, VIII of the FAC, as set forth in the Court's Order dated September 9, 2019 [Dkt. No. 60], Rite Aid does not respond to Paragraphs 123-158 and Paragraphs 167-175 of Plaintiff's FAC.  To the extent a response from Rite Aid is required, Rite Aid denies these allegations.

## COUNT VII

## UNJUST ENRICHMENT

**(Plaintiff individually and on behalf of the California Class)**

159. Rite Aid repeats and incorporates its responses above to the allegations contained in Paragraphs 1 through 158 of the FAC as if fully set forth herein.

160. Rite Aid denies the allegations in Paragraph 160.

161. Rite Aid denies the allegations in Paragraph 161.

162. Rite Aid denies the allegations in Paragraph 162.

163. Rite Aid denies the allegations in Paragraph 163.

164. Rite Aid denies the allegations in paragraph 164.

165. Rite Aid denies the allegations in paragraph 165.

166. Rite Aid denies the allegations and Plaintiff's entitlement to any of the requested relief in Paragraph 166.

## AFFIRAMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Rite Aid further responds to the FAC by alleging the following defenses, avoidances and affirmative defenses without assuming the burden of proof where such a burden is otherwise on Plaintiffs pursuant to applicable substantive or procedural law. All defenses are alleged as to Plaintiffs and, in the event that this case is permitted to proceed on a class basis, as to any other member of the purported class. Rite Aid reserves the right to assert additional separate defenses at such time and to such extent as warranted by discovery and the factual developments in this case, and asserts the separate defenses, avoidances and affirmative defenses herein in good faith to avoid waiver.

## AFFIRMATIVE DEFENSE

## FIRST AFFIRMATIVE DEFENSE

**(Preemption)**

167. As a first affirmative defense, Rite Aid contends that Plaintiff's claims are barred as preempted by federal law.

## SECOND AFFIRMATIVE DEFNESE

**(Preemption Per 21 U.S.C. § 379r)**

168. As a second affirmative defense, Rite Aid contends that Plaintiff's claims are barred as expressly preempted under 21 U.S.C. § 379r.

## THIRD AFFIRMATIVE DEFENSE

**(Primary Jurisdiction)**

169. As a third affirmative defense, Rite Aid contends that Plaintiff's claims cannot be adjudicated by the Court unless and until FDA exercises its primary jurisdiction in the first instance

///

///

///

## FOURTH AFFIRMATIVE DEFENSE

### (California Safe Harbor Doctrine)

170. As a fourth affirmative defense, Rite Aid contends that The California Safe Harbor Doctrine bars Plaintiffs from imposing liability on Rite Aid under the UCL, FAL, and CLRA because federal regulations and authority permit the challenged labeling.

## FIFTH AFFIRMATIVE DEFENSE

### (First Amendment Rights)

171. As a fifth affirmative defense, Rite Aid contends that The First Amendment to the United States Constitution forbids Plaintiffs from using state law claims under the UCL, FAL, and CLRA to abridge Rite Aid's commercial speech right to truthfully label its products.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

172. As a sixth affirmative defense, Rite Aid contends that The First Amended Complaint, and each and every purported cause of action therein, is barred to the extent the conduct in question occurred outside the applicable statute of limitations period, including without limitation, Business and Professions Code § 17208 and Civil Code § 1783.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Actionable Damage or Injury)

173. As a seventh affirmative defense, Rite Aid contends that neither Plaintiffs nor any of the putative class members have sustained, suffered, or proven any injury or damage as a result of any actions or omissions allegedly taken by Rite Aid, and are thus barred from asserting any claims against Rite Aid.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches, Estoppel & Waiver)

174. As an eighth affirmative defense, Rite Aid contends that Plaintiff's claims are barred, in whole or part, by the doctrines of laches, estoppel, and waiver.

///

///

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Provide Timely Notice)

175. As a ninth affirmative defense, Rite Aid contends that The First Amended Complaint is barred, in whole or in part, or recovery reduced, to the extent that Plaintiffs and/or members of the putative class failed to timely and properly notify Rite Aid of any grievances, and provide an opportunity to cure, including without limitation, providing proper and sufficient notice to bring a claim for damages under the CLRA, Civil Code § 1782.

## TENTH AFFIRMATIVE DEFENSE

### (No Full Benefit or Value)

176. As a tenth affirmative defense, Rite Aid contends that Plaintiffs and the putative class members are barred from making the claims for relief set forth in the FAC because they have enjoyed the full benefit and value of the products they purchased from Rite Aid.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

177. As an eleventh affirmative defense, Rite Aid contends that it truthfully labeled its product in compliance with applicable state and federal statutes, regulations, or other laws in effect at the time of its alleged conduct, and therefore is not liable for any wrongs alleged in the FAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Deception)

178. As a twelfth affirmative defense, Rite Aid contends that Plaintiff's claims are barred because no reasonable consumer would be deceived or misled by the labeling of Rite Aid's product.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Justifiable Reliance)

179. As a thirteenth affirmative defense, Rite Aid contends that Plaintiff's claims are barred because Plaintiffs and the putative class members, at all times, knew or were aware of the benefits, characteristics, and uses of Rite Aid's products they purchased, and therefore could not have reasonably or justifiably relied upon the alleged misrepresentations or omissions asserted in the FAC.

///

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses and Claims)**

180.0   As a fourteenth affirmative defense, Rite Aid reserves the right to assert additional or supplemental factual and legal claims and defenses to Plaintiff's claims.

**PRAYER FOR RELIEF**

Rite Aid denies that Plaintiffs are entitled to any substantive, procedural, economic, statutory, declaratory or injunctive remedy or relief, including the relief referenced in Plaintiff's "Prayer for Relief" section of the FAC, or any other relief whatsoever. Rite Aid further denies that Plaintiffs or any putative class member has suffered or incurred any injury or damage, either as alleged in the FAC or at all.  WHEREFORE, Defendant prays that the Court enter judgment in its favor and against Plaintiff as follows:

1. That Plaintiff take nothing by it Complaint;
2. Plaintiff's claim for class action status be denied;
3. For judgment in favor of Rite Aid and against Plaintiff;
4. For Rite Aid's attorney's fees to the extent recoverable by law;
5. For Rite Aid's costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

DATED:  October 7, 2019                    **FOLEY & LARDNER LLP**

/s/ *Eileen R. Ridley*
EILEEN R. RIDLEY
Attorneys for Defendant
Rite Aid Corporation