# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS BAILEY,**<br>Plaintiff,<br>vs.<br>**RITE AID CORPORATION,**<br>Defendant. | CASE NO. 18-cv-06926-YGR<br><br>**ORDER DENYING MOTION TO CERTIFY THE QUESTION OF FEDERAL PREEMPTION TO THE COURT OF APPEALS UNDER 28 U.S.C. § 1292(B)**<br><br>Re: Dkt. No. 61 |

Plaintiff Thomas Bailey brings this putative class action against defendant Rite Aid Corporation ("Rite Aid") asserting eight causes of action arising out of defendant's sale and marketing of its over-the-counter rapid release acetaminophen gelcaps. (*See* Dkt. No. 15 ("FAC").) On September 9, 2019, the Court granted in part and denied in part defendant's motion to dismiss the FAC. (Dkt. No. 60 ("MTD Order").) Therein, the Court rejected defendant's preemption argument and denied its motion on that basis. (*Id.* at 5-9.) Now before the Court is defendant's motion for an order to certify the question of federal preemption to the Court of Appeals under 28 U.S.C. § 1292(b) ("Section 1292(b)").[1] (Dkt. No. 61 ("Motion").) Having carefully considered the papers submitted, and for the reasons set forth more fully below, the Court hereby **DENIES** defendant's motion.

\\

---

[1] The Court has reviewed the papers submitted by the parties in connection with defendant's motion to certify a question. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for November 5, 2019.

# I. BACKGROUND

The factual allegations underlying this action are well-known to the parties and the Court will not repeat them here. (*See* MTD Order at 2-3.)

Relevant here, defendant's argument regarding federal preemption in its motion to dismiss relied on its assertion that plaintiff's claims were preempted by (1) a tentative final monograph issued by the FDA in 1988 (the "1988 TFM"); and (2) two FDA guidance documents, namely one regarding Dissolution Testing and Acceptance Criteria for Immediate-Release Solid Oral Dosage Form Drug Products Containing High Solubility Drug Substances, Guidance for Industry, U.S. Dept. of Health and Human Services Food and Drug Administration (Aug. 2018) (the "Dissolution Testing Guidance") and another regarding the Waiver of In Vivo Bioavilability and Bioequivalence Studies for Immediate-Release Solid Oral Dosage Forms Based on a Biopharmaceutics Classification System, Guidance for Industry (December 2017) (the "In Vivo Immediate-Release Guidance") (collectively, "FDA Guidance"). (Dkt. No. 25 at 11-14.)

In its MTD Order, the Court determined that although the 1988 TFM constituted federal regulation, the 1988 TFM, as well as the relevant incorporated documents, was silent as to the dissolution standards for the type of acetaminophen at issue in plaintiff's complaint, namely *rapid* release acetaminophen. (MTD Order at 7-8.) With respect to the FDA Guidance, the Court determined that it did not constitute a requirement under the National Uniformity for Nonprescription Drugs provision of the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 379r. (*Id.* at 8-9.)

# II. LEGAL STANDARD

Section 1292(b) provides:
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he [or she] shall so state in writing in such order.

28 U.S.C. § 1292(b). Stated differently, "[a] district court may certify appeal of an interlocutory order if: (1) the order involves a controlling question of law, (2) appealing the order may

1   materially advance the ultimate termination of the litigation, and (3) there is substantial ground for

2   difference of opinion as to the question of law." *In re Cement Antitrust Litig.*, 673 F.2d 1020,

3   1026 (9th Cir. 1982). Here, only the third requirement – substantial ground for difference of

4   opinion – is at issue. (*See* Dkt. No. 65 ("Opp.") at 3-9.)

**III. ANALYSIS**

"To determine if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal quotations omitted). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). "However, just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is a substantial difference of opinion as will support an interlocutory appeal." *Id.* (internal quotations omitted).

Here, defendant asserts that the Court's determination that plaintiff's claims were not expressly preempted by the FDCA was based on two "relevant components," both of which, defendant asserts provide substantial ground for difference of opinion. (Opp. at 3-4.) First, defendant contends that the Court's determination that the FDA Guidance did not constitute a requirement under the FDCA is counter to the Ninth Circuit's opinion in *Degelmann v. Advanced Medical Optics, Inc.* (Opp. at 3 (citing 659 F.3d 835, 842 (9th Cir. 2011)).) Second, defendant argues that the Court's finding that the dissolution standards for *immediate* release acetaminophen did not encompass testing and dissolution procedures for *rapid* release acetaminophen because the two are not synonymous, but rather the latter is a subset of the former. (*Id.* at 4.)

          1. Difference of Opinion Presented by *Degelmann*

In *Degelmann*, the Ninth Circuit addressed the suitability of *an* FDA guidance document as a requirement under the FDCA. 659 F.3d at 842. Therein, the court found that by issuing "a document containing the special controls for [the product at issue] lens solutions: Guidance for

3

Industry: Premarket Notification (510(k)) Guidance Document for Contact Lens Care Products[("Premarket Notification Document"),]" the FDA had promulgated specific requirements. *Id.* Defendant does not provide any authority for its assertion that whether a different FDA publication constitutes a requirement under the FDCA is dispositive as to the suitability of another FDA document as a requirement under the FDCA.

Moreover, unlike the FDA Guidance at issue here, the Premarket Notification Document in *Degelmann*, "is intended to provide comprehensive directions to enable a manufacturer of a contact lens care product to submit at 510(k) that FDA believes adequately demonstrates whether the device is substantially equivalent to a legally marketed device."[2] Ctr. for Devices and Radiological Health, U.S. Dep't of Health and Human Servs., *Guidance Document*, at 2 (1997). The FDA Guidance at issue here does not reflect a similar purpose to establish guidelines for a legally marketed product. Accordingly, defendant has failed to establish substantial ground for difference of opinion as to whether the FDA Guidance at issue *here* constitutes a requirement under the FDCA. Thus, the Court **DENIES** defendant's motion on this basis.

2. Difference of Opinion Presented by the Meaning of "Immediate" Release

As a preliminary matter, defendant provides no authority for its contention that a contrary order from another district court, outside of the relevant circuit, creates substantial ground for a difference of opinion. *C.f. Couch*, 611 F.3d at 633 ("Courts traditionally will find that a substantial ground for difference of opinion exists where 'the *circuits are in dispute* on the question and the court of appeals of the circuit has not spoken on the point[.]").

Defendant's contention that because the FDA has regulated the subject matter of the dissolution of acetaminophen tablets, despite not using the phrase "rapid release," plaintiff's claims are preempted fails. (Motion at 4; *see also* Dkt. No. 67 ("Reply") at 5.) Plaintiff's claims are grounded in whether the acetaminophen dissolved fast enough to allow for marketing as "*rapid release.*" As the Court explained in its MTD Order, FDA publications, including those provided

---

[2] This is because lens care products for soft contact lenses are classified by the Medical Device Amendments of 1976 as class II devices, which "are regulated through 'special controls' issued by the FDA and must receive § 510(k) clearance[.]" *Degelmann*, 659 F.3d 841.

4

by defendant in support of its motion to dismiss, suggest that "immediate" and "rapid" are not synonymous and that drugs with "rapid" dissolution are, at most, a subset of those categorized as "immediate" release. (*See, e.g.*, Dkt. No. 26, Ex. B at 3 (explaining that "some IR [immediate-release] solid oral dosage forms are categorized as having rapid or very rapid dissolution").) Therefore, the fact that the FDA may have regulated the subject-matter of immediate release acetaminophen does not establish that a substantial ground for a difference of opinion exists where the plaintiff challenges the designation and marketing of defendant's product at *rapid* release.

### IV. CONCLUSION

For the foregoing reasons the Court **DENIES** defendant's motion to certify the question of federal preemption to the Court of Appeals. Further, as this Order addresses the basis for the request to continue the case management conference, that request is similarly **DENIED**.

This Order terminates Docket Numbers 61 and 69.

**IT IS SO ORDERED.**

Dated: October 25, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**