**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS BAILEY,<br><br>            Plaintiff,<br><br>   v.<br><br>RITE AID CORPORATION,<br><br>            Defendant. | Case No. 4:18-cv-06926-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. Nos. 93, 94 |

Pending before this Court is a discovery dispute regarding communications between counsel for plaintiff Thomas Bailey and Valisure LLC. (Dkt. Nos. 93, 94.) Bailey contends that the communications are protected under FRCP 24(b)(4)(D)(ii) which provides:

> *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>     (i) as provided in Rule 35(b); or
>     (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Exceptional circumstances exist here. The strength of Bailey's complaint was based on a claim that its allegation were supported by an independent study. Thus, Bailey alleged:

> 10. Rite Aid has long known or should have known that traditional, non-rapid release acetaminophen products can be equally effective in the same, if not faster, time period than its Rite Aid rapid release products.
>
> 11. In fact, a new study demonstrates that Rite Aid Acetaminophen Rapid Release Gelcaps dissolve *slower* than the Rite Aid non-rapid release products.[5]
>
> [fn. 5] Kucera, Jessop, Alvarez, Gortler, Light, *Rapid and Fast-Release Acetaminophen Gelcaps Dissolve Slower Than*

*Acetaminophen Tablets*, Adv Inv Pha The Medic, 1:63-71 (Nov. 12, 2018) accessible at http://www.kenkyugroup.org/article/8/173/Rapid-and-Fast-Release-Acetaminophen-Gelcaps-Dissolve-Slower-Than-Acetaminophen-Tablets (last accessed 11.15.2018).

\*\*\*

**THE SCIENCE BEHIND RAPID RELEASE PRODUCTS DEMONSTRATES THE LABELING AND MARKETING OF THE CLASS RAPID RELEASE GELCAPS ARE FALSE, MISLEADING, UNFAIR, AND/OR DECEPTIVE**

63. Despite what Rite Aid represents to the public about the Class Rapid Release Gelcaps, they do not work faster than other, cheaper Rite Aid acetaminophen products.

64. A 2018 study of the "rapid release" or "fast release" claims of acetaminophen products, including Rite Aid Acetaminophen Rapid Release Gelcaps, revealed that these products not only fail to work faster, they actually work *slower* than their traditional acetaminophen counterparts, such as tablets.[39]

65. Thus, the science demonstrates that Rite Aid's representations and advertising are false, misleading, deceptive, and unfair on their face.

66. The level of deception and unfairness is elevated given that Rite Aid has long known or should have known that there is scant or conflicting evidence about the correlation of the speed and efficacy of its acetaminophen products to its rapid release gelcap design.

67. Rite Aid knew or should have known of the existence of "contradictory claims for rapid or fast-release [acetaminophen] products."[40]

[fn 39] Kucera, Jessop, Alvarez, Gortler, Light, *supra* n.5.

[fn 40] *Id*.

In ruling on the adequacy of Bailey's complaint, the Court, as required, evaluated the complaint in the light most favorable to the Bailey. Thus, it held:

> Taken in the light most favorable to plaintiff, he has alleged that the labeling of the Rite Aid RR Gelcaps plausibly confuse or mislead the public. Plaintiff alleges that defendant sells Rite Aid RR Gelcaps as an alternative to traditional acetaminophen caplets, which are sold at a lower price and do not contain the "rapid release" language on the label. (*See generally* FAC.) Additionally, plaintiff has alleged that the Kucera study has demonstrated that defendant's higher priced Rite Aid RR Gelcaps dissolve at a slower rate than its lower priced Rite Aid non-rapid release caplets and that the defendant knew (or should have known) that the former is not any faster or more effective than the latter. (FAC ¶ 64.) Moreover, plaintiff has

2

> provided the necessary details around the circumstances of the alleged conduct required under Rule 9(b). *See* FAC ¶¶ 45-7; *In re iPhone 4S Consumer Litig.*, 637 F.App'x 414, 415 (9th Cir. 2016) (applying Rule 9(b) to claims under California's consumer protection statutes as grounded in fraud).
>
> Defendant does not provide any support for its assertion that the Kucera study on which plaintiff relies makes "it implausible that [p]laintiff's claims could entitle him to any relief." . . . .
>
> [Plaintiff] uses a scientific study as evidence in support of his allegation that the labeling of the Rite Aid RR Gelcaps misled consumers.

(Order Granting in Part and Denying in Part Motion to Dismiss, Dkt. No. 60, 10:11-11:7.) In that order, the Court found that defendant Rite Aid Corporation's attempt to challenge the veracity of the claims in light of the study was premature. (*Id.* at fn. 7.)

The study was critical to Bailey's allegations and accordingly discovery with respect thereto is necessary to test the specific allegations made in the complaint. The fact that the study may not have been independent, given the possible relationship between the authors of the study and Bailey's counsel bears on its weight, veracity and credibility. Had Bailey not relied on the study to assert his claims, the result would likely have been different. That is not this case.

Indeed, in similar circumstances, other courts have permitted discovery of documents and communications that are referenced and mentioned in the operative complaint. *Se Zeiger v. WellPet LLC*, No. 17-cv-04056-WHO, 2018 WL 10151156, at *2-3 (N.D. Cal. Apr. 10, 2018) (collecting cases); *see also id.* at *3 ("By injecting the lab results into the litigation in connection with a dispositive motion, they have affirmatively used these materials against [defendant] and cannot now claim the expert consulting privilege to shield these same materials from discovery."). Such waiver of documents and materials is limited, however, to documents and communications relating to the Valisure study. *See id.* ("Plaintiffs have no obligation to disclose other testing or communications with or opinions by consulting experts beyond that specifically referenced in the [operative complaint].").

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the discovery letter brief and **ORDERS** the production of the following documents:

- Bailey-Valisure000001-000095

- Bailey-Valisure000097-000101

This Order terminates Docket Numbers 93 and 94.

**IT IS SO ORDERED.**

Dated: November 18, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**