**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
Mitchell M. Breit (*pro hac vice*)
405 East 50th Street
New York, New York 10022
Phone: (347) 668-8445
mbreit@milberg.com

Gregory F. Coleman (*pro hac vice*)
Adam A. Edwards (*pro hac vice*)
Mark E. Silvey (*pro hac vice*)
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel.: (865) 247-0080
Fax: (865) 522-0049
gcoleman@milberg.com
aedwards@milberg.com
msilvey@milberg.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| THOMAS BAILEY and JAMAL ERAKAT, *on behalf of themselves and all others similarly situated*,<br><br>            Plaintiffs,<br><br>    v.<br><br>RITE AID CORPORATION,<br><br>            Defendant. | Case No.: 4:18-cv-06926-YGR<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. Yvonne Gonzalez Rogers |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 24, 2022 at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, Plaintiffs Thomas Bailey and Jamal Erakat[1] (collectively, "Plaintiffs") respectfully move this Court for preliminary approval of the class action Settlement reached in this case, the terms of which Plaintiffs describe more specifically in the Memorandum of Points and Authorities in support of this Motion.

Plaintiffs request that the Court enter the proposed Preliminary Approval Order and:

1.      Preliminarily approve the Settlement;

2.      Preliminarily approve the conversion (and/or concomitant termination or decertification) of the existing (b)(3) class into the (b)(2) Settlement Class;

3.      Appoint Jamal Erakat as the Class Representative;

4.      Appoint Milberg Coleman Bryson Phillips Grossman, PLLC and Simmons Hanly Conroy as Settlement Class Counsel;

5.      Schedule a Final Approval Hearing.

Plaintiffs base the motion on the following documents: this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Settlement Agreement, the pleadings, record, and other filings in the case; and such other oral and written points, authorities, and evidence as the parties may present at the time of the hearing on the Motion. Defendant Rite Aid Corporation ("Rite Aid") does not oppose this Motion or the relief requested herein.

---

[1] Plaintiff's Motion to Amend the First Amended Complaint for the purpose of adding Jamal Erakat as a plaintiff is filed simultaneously with this motion.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................ 5-7

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 8

I.    INTRODUCTION ................................................................ 8

II.   FACTUAL AND PROCEDURAL BACKGROUND ............................... 8

III.  THE TERMS OF THE SETTLEMENT AGREEMENT ............................ 10

   A. The Proposed Settlement Class ................................................ 10

   B. The Benefits to the Settlement Class: Injunctive Relief ...................... 11

   C. Class Member Release ......................................................... 12

   D. Class Notice ................................................................... 12

   E. Attorneys' Fees and Costs and Service Awards .............................. 12

IV.  LEGAL STANDARD FOR PRELIMINARY APPROVAL .......................... 12

V.   ARGUMENT ........................................................................ 13

   A. The Settlement Agreement Warrants Preliminary Approval ................. 13

      i.   Rule 23(e)(2)(A): The Class Representatives and Class counsel have adequately represented the proposed Settlement Class .......................... 13

      ii.  Rule 23(e)(2)(B): The Settlement was negotiated at arm's length ....... 14

      iii. Rule 23(e)(2)(C): The relief for the Settlement Class is substantial .... 16

         1. Rule 23(e)(2)(C)(i): The costs, risks, and delay of trial and appeal .......... 16

         2. Rule 23(e)(2)(C)(ii): A method of distributing relief is not needed .......... 17

         3. Rule 23(e)(2)(C)(iii): The terms and timing of the proposed award of Attorneys' Fees and Costs are fair and reasonable .................................. 17

         4. Rule 23(e)(2)(C)(iv): There are no supplemental agreements .................. 18

iv. Rule 23(e)(2)(D): The Settlement treats Settlement Class Members equitably relative to each other ............................................................................................18

B. Since the Settlement Agreement Provides for Injunctive Relief Only, No Notice is Required ............................................................................................ 19

C. The Differences Between the Settlement Class and the Class Certified Are Appropriate . ............................................................................................ 20

D. The Court Should Certify the Settlement Class for Settlement Purposes ....................20

    i. The Settlement Class satisfies Federal Rule of Civil Procedure 23(a) .................20

    ii. The Settlement Class satisfies Federal Rule of Civil Procedure 23(b)(2) .............21

E. The Settlement Conforms to the Procedural Guidance Factors for Class Action Settlements ............................................................................................ 22

    i. Guidance 1a-d: Differences, Range and Plan of Allocation ..................................22

    ii. Guidance 1e: The Proposed Settlement Provides a Favorable Recovery and Falls Within the Range of Approvability........................................................................23

    iii. Guidance 1f.-g.: Allocation Plan Merits Preliminary Approval ...........................23

    iv. Guidance 2: The Proposed Settlement Administrator ...........................................23

    v. Guidance 3: Proposed Notices to Settlement Class are Approvable ....................24

    vi. Guidance 4 and 5: Opt-Outs and Objections .........................................................24

    vii. Guidance 6: The Anticipated Attorneys' Fees and Expenses Request .................24

    viii. Guidance 7: The Proposed Settlement and Proposed Service Awards Do Not Unjustly Favor any Class Members, including Named Plaintiffs .......................24

    ix. Guidance 8: Cy Pres Recipients..........................................................................25

    x. Guidance 9: Proposed Timeline...........................................................................25

xi.  Guidance 10: Class Action Fairness Act ................................................................26

xii. Guidance 11: Past Comparable Settlements ...........................................................26

CONCLUSION.............................................................................................................. 26

## **TABLE OF AUTHORITIES**

**Cases**                                                                         **Page(s)**

*Stathakos, et al. v. Columbia Sportswear Company, et ano.*, 2018 WL 582564 (N.D. Cal. Jan. 25, 2018) .................................................................................................................... 12, 19

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. 2015) ................................... 25

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ................................. 15

*Briseno v. Henderson*, 998 F.3d 1014 (9th Cir. 2021) ................................................................. 15

*Theodore Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020 ...................................................................................................................... 18

*Campbell v. Facebook, Inc.*, 951 F.3d 1106 (9th Cir. 2020) ....................................................... 12

*Chester v. TJX Companies, Inc.*, No. 5:15-cv-01437-ODW-DTB, 2017 WL 6205788 (C.D. Cal. Dec. 5, 2017) ............................................................................................................................. 17

*In re Chrysler-Dodge-Jeep Ecodiesel Mkting, Sales Practices, and Prods. Liab.Litig.*, No. 17-md-02777-EMC, 2019 WL 536661 (N.D. Cal. Feb. 11, 2019) ................................................. 22

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ............................................ 13

*Contreras v. Armstrong Flooring, Inc.*, No. 20-cv-03087-PSG-SK, 2021 WL 4352299 (C.D. Cal. July 6, 2021) ........................................................................................................................ 15-16

*Dennis v. Kellogg Co.*, No. 09-cv-1786-L-WMC, 2013 WL 6055326 (S.D. Cal. Nov. 14, 2013) ...................................................................................................................................................... 17

*Eddings v. Health Net, Inc.*, No. CV-10-1744-JST (RZX), 2013 WL 3013867 (C.D. Cal. June 13, 2013) ............................................................................................................................................ 25

*Equal Emp. Opportunity Comm'n v. Gen. Tel. Co. of Nw.*, 599 F.2d 322 (9th Cir. 1979) .......... 19

*In re Ferrero Litigation*, 583 Fed. App'x 665 (9th Cir. 2014) .................................................... 17

*Free Range Content, Inc. v. Google, LLC*, No. 14-CV-02329-BLF, 2019 WL 1299504 (N.D. Cal. Mar. 21, 2019) .............................................................................................................................. 12

*Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, (1980) ............... 19

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .......................................................... 13

*In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019) ........................................ 14

*Rosado v. Ebay Inc.*, No. 5:12-CV-04005-EJD, 2016 WL 3401987 (N.D. Cal. June 21, 2016) . 25

*Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157 (9th Cir. 2013) ........................................ 24

*Kang and Moses v. Wells Fargo Bank, N.A.*, Nos. 17-cv-06220-BLF, 21-cv-00071-BLF, 2021 WL 5826230 (N.D. Cal. Dec. 8, 2021) ......................................................................................... 24

*Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 WL 1248027 (N.D. Cal. Mar. 18, 2015) ...................................................................................................................................................... 11

*Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2015 WL 2062858 (N.D. Cal. May 4, 2015) . 17

*In re Linkedin User Privacy Litig.*, 309 F.R.D. 573 (N.D. Cal. 2015) ....................................... 25

*Louie v. Kaiser Found. Health Plan, Inc.*, No. 08-cv-00795-IEG-RBB, 2008 WL 4473183 (S.D. Cal. Oct. 6, 2008) ................................................................................................ 15

*In re Magsafe Apple Power Litig.*, No. 5:09-CV-01911-EJD, 2015 WL 428105 (N. D. Cal. Jan. 30, 2015) ........................................................................................................... 24

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ................................. 13

*Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*, No. 19-cv-07087-DMR, 2021 WL 1788447 (N.D. Cal. May 5, 2021) ................................................................... 14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ................ 16

*In re Netflix Privacy Litig.*, No. 5:11-CV-00379 EJD, 2012 WL 2598819 (N.D. Cal. July 5, 2012) ................................................................................................................ 22

*Norton v. LVNV Funding, LLC*, No. 18-cv-05051-DMR, 2021 WL 3129568 (N.D. Cal. July 23, 2021) ................................................................................................................ 14

*In re Pac. Enters. Sec. Litig.*, 47 F. 3d 373 (9th Cir. 1995) ...................................... 23

*Sandoval Ortega v. Aho Enterprises, Inc*., No. 19-CV-00404-DMR, 2021 WL 5584761 (N.D. Cal. Nov. 30, 2021) ..................................................................................... 23

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) ....................................................... 21

*Perks v. Activehours, Inc.*, No. 5:19-cv-5543-BLF, 2021 WL 1146038 (N.D. Cal. Mar. 25, 2021) ............................................................................................... 13, 14, 18

*Raffin v. Medicredit, Inc.*, No. CV 15-4912-GHK (PJWx), 2017 WL 131745 (C.D. Cal. Jan. 3, 2017) ................................................................................................................ 22

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ..................................... 23

*Sadowska v. Volkswagen Grp. of Am., Inc.*, No. 11-cv-00665-BRO-AGR, 2013 WL 9600948 (C.D. Cal. Sept. 25, 2013) ..................................................................................... 15

*Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200-HSG, 2020 WL 511953 (N.D. Cal. Jan. 31, 2020) ..................................................................................................... 22

*Silber v. Mabon*, 18 F.3d 1449 (9th Cir. 1994) ...................................................... 19

*Souza v. Scalone*, 563 F.2d 385 (9th Cir. 1977) ..................................................... 19

*Spann v. J.C. Penney Corp.*, 314 F.R.D. 312 (C.D. Cal. 2016) ................................. 22

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ............................................... 24

*True Health Chiropractic Inc. v. McKesson Corp.*, 332 F.R.D. 589 (N.D. Cal. 2019) .............. 21

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................. 19

*Williams v. Reckitt Benckiser LLC*, No. 20-23564, 2021 WL 8129371 (S.D. Fla. Dec. 15, 2021). ........................................................................................ 26

*Wong v. Arlo Techs., Inc.*, No. 5:19-cv-00372-BLF, 2021 WL 1531171 (N.D. Cal. Apr. 19, 2021) ............................................................................................... 13, 16, 18

*Yeagley v. Wells Fargo & Co.*, 365 Fed. Appx. 886 (9th Cir.2010) ............................. 17

**Statutes**

1

28 U.S.C. § 1711 .......................................................................................................... 26

28 U.S.C. § 1715 .......................................................................................................... 19

Cal. Bus. & Prof. Code § 17200 ...................................................................................... 9

Cal. Bus. & Prof. Code § 17500 ...................................................................................... 9

Cal. Civ. Code § 1761 .................................................................................................... 9

Cal. Civ. Code § 1790 .................................................................................................... 9

2

3

4

5

6

**Rules**

Fed. R. Civ. P. 30 ........................................................................................................... 9

Fed. R. Civ. P. 23 ................................................................................................. *passim*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

Plaintiffs present this Motion seeking preliminary approval of a proposed class action Settlement of their claims against Defendant Rite Aid Corporation ("Rite Aid"). This Settlement represents the best possible outcome for the proposed Settlement Class as it achieves meaningful injunctive relief that will benefit consumers of the products. Specifically, Rite Aid has agreed to discontinue any and all advertisements, labels, and other forms of marketing which describe the Class Rapid Release Gelcaps as "Rapid Release" — the core practices which are the subject of this case.

In addition to nationwide injunctive relief for the class, Class Counsel intends to apply to the Court for reasonable Attorneys' Fees and Costs not to exceed $361,666.66 which represents a *negative multiplier* to Counsel's lodestar. The Parties did not agree to a clear-sailing provision and Rite Aid retains the right to object to the requested Attorneys' Fees and Costs or any part thereof.

For the reasons explained below, the proposed Settlement is fair, reasonable, and adequate, and the Court should preliminarily approve it under Federal Rule of Civil Procedure 23(e), prevailing Ninth Circuit jurisprudence, and this District's Procedural Guidance for Class Action Settlements (the "Settlement Guidelines"). Therefore, Plaintiffs respectfully request that the Court: (1) preliminarily approve the Settlement; (2) preliminarily approve the conversion and concomitant termination or decertification of the existing (b)(3) Class into a (b)(2) Settlement Class; (3) appoint Jamal Erakat as the Settlement Class Representative; (4) appoint Milberg Coleman Bryson Phillips Grossman, PLLC and Simmons Hanly Conroy as Settlement Class Counsel; and (5) schedule a Final Approval Hearing. Rite Aid does not oppose this Motion or the relief requested herein.

### II.   Factual and Procedural Background

On November 15, 2018, Plaintiff Thomas Bailey initiated a class action lawsuit challenging Rite Aid's false labeling of its line of Rite Aid rapid release acetaminophen gelcaps (the "Class

Rapid Release Gelcaps"). Plaintiff Bailey alleged claims for violation of California False Advertising Law, Cal. Bus. & Prof. Code § 17500 ("FAL"), violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), violation of California Consumer Legal Remedies Act, Cal. Civ. Code § 1761 ("CLRA"), violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, breach of implied warranty of merchantability, breach of express warranty, unjust enrichment, and declaratory and injunctive relief. Dkt. No. 1. Plaintiff Bailey alleged he was deceived by Rite Aid's false, misleading, unfair, and deceptive representations when he purchased the Class Rapid Release Gelcaps because the product failed to provide pain relief at a rate any faster—and, indeed, *slower*—than the product's non-rapid release counterpart, despite its price premium.

Rite Aid filed a motion to dismiss on February 5, 2019. Dkt. No. 25. Following briefing, the Court granted in part and denied in part the motion to dismiss. Dkt. No. 60. Specifically, the Court granted Rite Aid's motion as to Plaintiff Bailey's claim for declaratory relief with prejudice, and Plaintiff Bailey's warranty claims with leave to amend. *Id.* at 12-13. Rite Aid answered the FAC on October 7, 2019. Dkt. No. 66.

Class Counsel served written discovery on Rite Aid in November 2019, and remotely completed the Fed. R. Civ. P. 30(b)(6) depositions of Rite Aid's representative and third-party manufacturer's representatives in June of 2020. Declaration of Mitchell Breit (the "Breit Decl.") annexed hereto as Exhibit 1, ¶ 8. On October 19, 2020, Plaintiff Bailey moved for class certification. Dkt. No. 92-4. Following full briefing and argument, the Court granted in part and denied in part Plaintiff Bailey's motion for class certification. Dkt. No. 129. Specifically, the Court granted Plaintiff Bailey's motion under Rule 23(b)(3) with respect to his claims under the UCL, FAL, and CLRA, but otherwise denied certification under Rule 23(b)(2) without prejudice. Rite Aid moved for reconsideration, which the Court denied. Dkt. Nos. 133-134. Rite Aid sought permission before the Ninth Circuit to appeal this Court's class certification order pursuant to Federal Rule of Civil Procedure 23(f). *See* Case No. 21-80061. The Ninth Circuit denied that petition for permission to appeal. *Id.*

Thereafter, the Parties engaged in substantive settlement negotiations and were able to reach a settlement in principle. The Parties finalized the Settlement and, on April 11, 2022, reported that Plaintiff would be prepared to file this Motion for Preliminary Approval and an accompanying Motion to Amend the operative Complaint by April 30, 2022. Dkt. No. 152. Plaintiffs requested a brief one-week extension on April 26, 2022 to file the Motions on May 6, 2022.

**III.    The Terms of the Settlement Agreement**

Rite Aid has agreed to nationally discontinue any and all advertisements, labels, and other forms of marketing which describe the Class Rapid Release Gelcaps as "Rapid Release." The Settlement's key terms are discussed below.

**A.    The Proposed Settlement Class**

Under the Settlement Agreement, Plaintiff Erakat seeks certification of a settlement class under Rule 23(a) and (b)(2) only. While the Court previously granted class certification under Rule 23(b)(3), unique factual developments since the time of that order have altered the appropriate path for achieving the best possible outcome for the Class.

Thus, due to the specific circumstances in this case, the proposed Settlement provides *greater* relief to consumers than if Plaintiffs succeeded at trial on behalf of the already-certified Rule 23(b)(3) class. As this Court is aware, Plaintiffs engaged the services of experts to measure classwide damages through a conjoint analysis. Following the Court's certification of the Rule 23(b)(3) class, Dkt. No. 129, Plaintiffs fielded their conjoint analysis. Although the conjoint analysis supported a demonstrable price premium associated with the Class Rapid Release Gelcaps, the price premium—and any class-wide damages—were at best nominal. *See* Declaration of Colin Weir (the "Weir Declaration") to be filed on May 1, 2022. This indeed was a concern enunciated by the Court at the original Motion to Dismiss hearing. Should Plaintiffs proceed in this litigation on the Rule 23(b)(3) certified class, they risk continuing to devote resources and accumulate additional costs and expenses in proving claims where the evidence only supports nominal damages. Indeed, should Plaintiffs win at trial, there are significant risks that the total

damages to the California-only class members would be nominal—and result in a net loss following class notice without any assurance of receiving protection against the deceptive marketing of the products going forward. For these reasons, Class Counsel determined that the best possible outcome for class members would come in the form of injunctive relief.  Such relief will prevent future harm from occurring. *See Lilly v. Jamba Juice Co*., No. 13-CV-02998-JST, 2015 WL 1248027, *4 (N.D. Cal. Mar. 18, 2015) ("Basic economics also supports the notion that the past-purchaser plaintiff will suffer a potential injury in the absence of an injunction. In fact, because this consumer has already voted with her wallet, we know that she is the *most* likely to be injured in the absence of an injunction, not the least.").

To that end, Plaintiffs now request certification of the following (b)(2) Settlement Class:

> All persons who purchased the Class Rapid Release Gelcaps in the United States within the applicable statute of limitations established by the State of California through the final disposition of this action.

As part of the settlement process, the Parties further agree that the Court should grant the simultaneously filed Motion to Amend the First Amended Complaint and appoint Plaintiff Erakat as the Class Representative for the Rule 23(b)(2) settlement class.[2]

**B.    The Benefits to the Settlement Class: Nationwide Injunctive Relief**

The Settlement Agreement provides for meaningful injunctive relief. Rite Aid has agreed to discontinue any and all advertisements, labels, and other forms of marketing which describe the Class Rapid Release Gelcaps as "Rapid Release." Injunctive relief is important to Plaintiffs and Class Members and will provide the Proposed Settlement Class with the best possible outcome.

---

[2] Plaintiffs previously sought certification of a Rule 23(b)(2) class with Plaintiff Bailey as class representative. The Court denied certification of the (b)(2) class without prejudice, noting that Bailey likely lacks standing to seek prospective injunctive relief, in light of his deposition testimony, which suggested he would be unwilling to purchase the product again even if Rite Aid were ordered to truthfully market the Class Rapid Release Gelcaps. Dkt. No. 129, at 30-31. Plaintiffs respectfully suggests, and Rite Aid does not contest, that Plaintiff Erakat does not present these same concerns and, therefore, has standing for the proposed injunctive relief given his desire to purchase the Class Rapid Release Gelcaps in the future. See motion to amend the complaint and Second Amended Complaint, filed simultaneously herewith.

Injunctive relief will halt Rite Aid's labeling of the Class Rapid Relief Gelcaps in the manner that Plaintiffs believe has misled Plaintiffs and Class Members.

### C.    Class Member Release

In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released Rite Aid from all claims for injunctive relief that were or could have been asserted that relate to the advertising, labeling, and marketing of the Class Rapid Release Gelcaps. The release is appropriately tailored in that it is co-extensive with the legal and factual claims of the Settlement Class in this Action.

### D.    Class Notice

Since the Settlement Agreement provides for injunctive relief only and no class notice has yet been sent to putative class members after the class certification order, Dkt. No. 129, notice informing class members of their right to opt-out of the Settlement are not necessary. *See* Fed. R. Civ. P. 23(c)(2)(A), (e)(4); *Stathakos, et al. v. Columbia Sportswear Company, et ano.,* 2018 WL 582564, at *1 (N.D. Cal. Jan. 25, 2018).

### E.    Attorneys' Fees and Costs and Service Awards

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees and costs not to exceed $361,666.66. Rite Aid will pay the amount of Attorneys' Fees and Costs awarded by the Court within 14 days of Final Approval.

Class Counsel will also petition the Court for Service Awards of up to $ 5,000 for Class Representative Bailey to compensate him for his involvement in the Action. Rite Aid takes no position regarding the appropriateness of such an award. If the Court approves a Service Award, payment shall be made within 21 days of Final Approval.

## IV.    Legal Standard for Preliminary Approval

The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020); *Free Range Content, Inc. v. Google, LLC*, No. 14-CV-02329-BLF, 2019 WL 1299504, at *8 (N.D. Cal. Mar. 21, 2019). Whether to approve a class action settlement is

committed to the sound discretion of the trial judge. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

Rule 23(e)(2) establishes specific factors that a district court must consider in order to ensure that the proposed class settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also Wong v. Arlo Techs., Inc.*, No. 5:19-cv-00372-BLF, 2021 WL 1531171, at *5 (N.D. Cal. Apr. 19, 2021). Courts in the Ninth Circuit have traditionally used a multi-factor balancing test to analyze whether a given settlement is fair, adequate, and reasonable. *See, e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). That test includes the following factors: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Id.*; *accord Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). "This list is not exclusive and different factors may predominate in different factual contexts." *Perks v. Activehours, Inc.*, No. 5:19-cv-5543-BLF, 2021 WL 1146038, at *4 (N.D. Cal. Mar. 25, 2021). Further, this District has established specific factors that guide whether a proposed settlement should be preliminarily or finally approved. *See* Procedural Guidance for Class Action Settlements.[3]

## V.   ARGUMENT

### A.   The Settlement Agreement Warrants Preliminary Approval

The Settlement, which is the result of good-faith, informed, arm's-length negotiation between competent counsel, satisfies each factor for preliminary approval under Rule 23(e), Ninth Circuit case law, and this District's Procedural Guidance for Class Action Settlements.

#### i.   Rule 23(e)(2)(A): The Class Representatives and Class Counsel have adequately represented the proposed Settlement Class.

---

[3]   *Available at* https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements (last visited April 29, 2022).

The Class Representatives and Class Counsel have adequately represented the Settlement Class. Plaintiff Bailey has "actively participated in the prosecution of this case" including being deposed, responding to discovery requests, and producing requested documentation. *Norton v. LVNV Funding, LLC*, No. 18-cv-05051-DMR, 2021 WL 3129568, at *8 (N.D. Cal. July 23, 2021). While Plaintiff Erakat has not been subject to prior discovery, he is prepared to do so. Furthermore, he has standing to pursue Rule 23(b)(2) injunctive relief for the class given that he is a purchaser of the Class Rapid Release Gelcaps and would like to purchase them in the future. Additionally, "[t]here are no indications that [Plaintiffs have] failed to adequately represent the interests of the class." *Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*, No. 19-cv-07087-DMR, 2021 WL 1788447, at *10 (N.D. Cal. May 5, 2021). The Class Representatives have no conflicts with the other Settlement Class Members and have adequately represented the Settlement Class in the litigation. Breit Decl. ¶¶ 19-21.

Furthermore, in granting class certification, the Court concluded Class Counsel are adequate. Dkt. No. 129 ("The Court has no concerns regarding the adequacy of counsel and finds the adequacy-of representation requirement satisfied with respect to them."). After obtaining class certification, Class Counsel have zealously represented, and will continue to zealously represent, the Settlement Class. *Perks*, 2021 WL 1146038, at *5 ("Initially, when originally certifying the Settlement Class, the Court found that . . . Class Counsel will adequately represent the class, have done so, and are adequate. No contrary evidence has emerged.") (citation omitted); Breit Decl. ¶¶ 22-26.

**ii.      Rule 23(e)(2)(B): The Settlement was negotiated at arm's length.**

The Ninth Circuit "put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution" in analyzing whether to approve a class action settlement. *In re Hyundai & Kia Fuel Econ. Litig.,* 926 F.3d 539, 570 (9th Cir. 2019). The Class Settlement reached in this case has several indicia of an arm's length negotiation.

*First*, the case was fully and aggressively litigated by the Parties through class certification, and was only resolved after certification and additional expert workup. *See* Breit Decl. ¶¶ 4-10,

30. Thus, Plaintiffs and Class Counsel were well apprised of the salient legal and factual issues before reaching the decision to settle the Action. *See id.*; *see also Louie v. Kaiser Found. Health Plan, Inc.*, No. 08-cv-00795-IEG-RBB, 2008 WL 4473183, at *6 (S.D. Cal. Oct. 6, 2008) ("Class counsels' extensive investigation, discovery, and research weighs in favor of preliminary settlement approval."). Given that this case was subject to full discovery prior to resolution, Class Counsel was well informed regarding the merits and damages of the disputed claims.

*Second*, the Parties negotiated a cap on Attorneys' Fees and Costs and a Service Award only after they had agreed on the relief for the Settlement Class. Breit Decl. ¶ 16. Moreover, the Settlement is not contingent on the award of Attorneys' Fees and Costs or the Service Award, which is indicative of a fair and arm's-length settlement process. *See* Fed. R. Civ. P. 23 advisory committee's note; *see also Sadowska v. Volkswagen Grp. of Am., Inc.*, No. 11-cv-00665-BRO-AGR, 2013 WL 9600948, at *8 (C.D. Cal. Sept. 25, 2013) (approving settlement and finding agreed fees and costs reasonable where "[o]nly after agreeing upon proposed relief for the Class Members, did the Parties discuss attorneys' fees, expenses, and costs").

*Finally*, the Settlement includes none of the indicia of collusion, such as whether: (i) plaintiffs' counsel receive a disproportionate distribution of the settlement, (ii) the settlement agreement includes a "clear sailing" provision, or (iii) the agreement contains a reverter clause. *Briseno v. Henderson*, 998 F.3d 1014, 1025-28 (9th Cir. 2021); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011). First, the Settlement Class will receive injunctive relief, which was a primary goal of the Action. Injunctive relief constitutes a valuable non-monetary benefit to the Settlement Class. Class Counsel may seek Attorneys' Fees and Costs up to $361,666.66. This figure is not disproportionate to the value that the Settlement Class will receive and can be determined through the lodestar method. Additionally, there is no clear sailing agreement; instead, Rite Aid has reserved the right to object to the petition for Attorneys' Fees and Costs or any part thereof, which "does not indicate collusion or inappropriate self-interest." *Contreras v. Armstrong Flooring, Inc.*, No. 20-cv-03087-PSG-SK, 2021 WL 4352299, at *8 (C.D.

Cal. July 6, 2021). And lastly, unlike cases with a common fund, the Settlement Agreement contains no 'kicker' or 'reverter' clause because the only relief awarded here is injunctive relief.

**iii.      Rule 23(e)(2)(C): The relief for the Settlement Class is substantial.**

**1.      Rule 23(e)(2)(C)(i): The costs, risks, and delay of trial and appeal**

"In assessing 'the costs, risks, and delay of trial and appeal'" under Rule 23(e)(2)(C)(i), "courts in the Ninth Circuit evaluate 'the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; [and] the risk of maintaining class action status throughout the trial.'" *Wong*, 2021 WL 1531171, at *8 (quoting *Hanlon*, 150 F.3d at 1026). In evaluating these factors, the Court should "consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). "In this respect, '[i]t has been held proper to take the bird in hand instead of a prospective flock in the bush.'" *Id.*

While confident in the strength of their claims, the lack of significant damages borne out by the conjoint survey supports resolution of this matter on an injunctive relief basis. Weir Decl. If the Court does not approve the Settlement, the Parties would incur the expense to prepare expert disclosures and reports, prepare for trial, finalize all pretrial filings, and conducting the trial (and potential appeals) all with little potential financial benefit to the class. Breit Decl. ¶¶ 28-30.  Even if Plaintiffs were to succeed on the merits at trial, any recovery would likely be delayed by appeals and the litigation could take years to resolve. Breit Decl. ¶ 29. And even if trial and the inevitable appeal were to be decided in favor of the class, any financial award obtained by the class would be significantly eroded by the additional costs and fees.

While continued litigation poses serious risks, the Settlement provides immediate meaningful benefits to consumers nationwide in the form of injunctive relief. It is "plainly reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full

adjudication." *Dennis v. Kellogg Co.*, No. 09-cv-1786-L-WMC, 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013). "Here, as with most class actions, there was risk to both sides in continuing towards trial." *Chester v. TJX Companies, Inc.*, No. 5:15-cv-01437-ODW-DTB, 2017 WL 6205788, at *6 (C.D. Cal. Dec. 5, 2017). "The settlement avoids uncertainty for all parties involved." *Id.*

### 2.   Rule 23(e)(2)(C)(ii): A method of distributing relief is not needed.

Since the Settlement Agreement provides for injunctive relief only, a method for distributing relief is not necessary.

### 3.   Rule 23(e)(2)(C)(iii): The terms and timing of the proposed award of Attorneys' Fees and Costs are fair and reasonable.

The terms and timing of the proposed award of Attorneys' Fees and Costs are also fair and reasonable. Class Counsel will seek approval of Attorneys' Fees and Costs in an amount not to exceed $361,666.66, and Rite Aid has agreed to pay the amount the Court approves. Importantly, injunctive relief for the Settlement Class Members is not contingent upon approval of the requested Attorneys' Fees and Costs, and Rite Aid retains the right to object to the petition for Attorneys' Fees and Costs or any part thereof.

The Ninth Circuit has found the lodestar method to be appropriate in calculating attorney's fees where injunctive relief was sought and no common fund was created. *See Yeagley v. Wells Fargo & Co.,* 365 Fed. Appx. 886, 887 (9th Cir.2010); *Lilly v. Jamba Juice Co.,* No. 13-CV-02998-JST, 2015 WL 2062858, *5 (N.D. Cal. May 4, 2015) ("Because the settlement resulted in injunctive relief, the lodestar method is the appropriate measure for calculating attorneys' fees."). "Under the lodestar method, a court need not determine the 'value' of particular injunctive relief because fees are calculated through an assessment of time expended on the litigation, counsel's reasonable hourly rate and any multiplier factors such as contingent representation or quality of work." *In re Ferrero Litigation,* 583 Fed. App'x 665, 668 (9th Cir. 2014). Courts may also reduce or enhance the lodestar by considering "the complexity of the action, as well as other factors such as the quality of representation and the risk of nonpayment." *Lilly*, 2015 WL 2062858 at *5

(citation omitted). Because the Settlement Agreement here results in injunctive relief only, and no common fund will be established, reasonable Attorneys' Fees can be calculated through the lodestar method.

Class Counsel estimate their current litigation costs are approximately $135,643.48. Breit Decl. ¶ 33. After subtracting these litigation costs (which will continue to increase through the settlement approval process) from the $361,666.66 figure, Class Counsel will be seeking an award of attorneys' fees of approximately $226,023.18. Breit Decl. ¶ 34. To date, and not counting future time and effort on settlement approval, Class Counsel's total current lodestar is $1,221,400.00 based on the 1,493.55 total hours expended to date at each firm's customary hourly rates. Breit Decl. ¶ 35. Thus, the approximately $226,023.18 in attorneys' fees that Class Counsel intends to seek reflects a ***negative multiplier***. Breit Decl. ¶ 36.

Class Counsel will also seek a reasonable and fair Service Award of no more than $5,000 for Thomas Bailey. This modest payment is for the services undertaken by Plaintiff Bailey, as well as the substantial benefit conferred on the Settlement Class as a result of his efforts, and this award is therefore reasonable and fair. Breit Decl. ¶¶ 37-38; *see also Wong*, 2021 WL 1531171, at *12 ("Service awards as high as $5,000 are presumptively reasonable in this judicial district."); *accord Perks*, 2021 WL 1146038, at *8; *Theodore Broomfield v. Craft Brew All., Inc.,* No. 17-CV-01027-BLF, 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020), 2020 WL 1972505, at *17.  Plaintiffs will file a fee application that will include detailed briefing regarding the facts and law in support of the propriety of their request for Attorneys' Fees and Costs and Service Awards.

### 4. Rule 23(e)(2)(C)(iv): There are no supplemental agreements.

The Parties have no agreements other than the Settlement Agreement. Breit Decl. ¶ 18.

### iv. Rule 23(e)(2)(D): The Settlement treats Settlement Class Members equitably relative to each other.

The Court must also consider whether "the [settlement] proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here, injunctive relief equally benefits each Settlement Class Member.

## B. Since the Settlement Agreement Provides for Injunctive Relief Only, No Notice Is Required.

Generally, class members are entitled to receive the "best notice practicable" under the circumstances. *Silber v. Mabon,* 18 F.3d 1449 (9th Cir. 1994). However, in a class action pursuant to Rule 23(b)(2) providing only for injunctive relief, federal courts across the country, including the Ninth Circuit, have uniformly held that notice is not required. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 362 (2011) (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."); *Equal Emp. Opportunity Comm'n v. Gen. Tel. Co. of Nw.*, 599 F.2d 322, 334 (9th Cir. 1979), *aff'd sub nom. Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, (1980) ("When an action is certified under Rule 23(b)(2) … absent class members are not required to receive notice or to have the opportunity to opt-out of the suit."); *Souza v. Scalone*, 563 F.2d 385 (9th Cir. 1977) ("[N]otice is not necessarily required in every Rule 23(b)(2) action.").

Indeed, this Court has ruled that notice is not necessarily required for a Rule 23(b)(2) class settlement. *Stathakos, et al. v. Columbia Sportswear Company, et ano.,* 2018 WL 582564, at *1 (N.D. Cal. Jan. 25, 2018):

> Here, the terms of the Agreement provide for injunctive relief only and further expressly preserve the rights of the class to bring claims for monetary relief… Further, even if notice was sent, class members would not have the right to opt out. Accordingly, the Court concludes that notice to the Rule 23(b)(2) class is not required (citations omitted).

Here, the Settlement Agreement expressly provides for injunctive relief only. Accordingly, no notice to the Class Members is necessary. However, Rite Aid will provide notice to the relevant governmental agencies pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b).

**C.     The Differences Between the Settlement Class and the Class Certified Are Appropriate.**

The Court previously granted in part and denied in part Plaintiff Bailey's motion for class certification. Dkt. No. 129. Specifically, the Court granted Plaintiff Bailey's motion under Rule 23(b)(3) to certify a damages class defined as: "All persons who purchased the Class Rapid Release Gelcaps in the State of California within the applicable statute of limitations established by the State of California through the final disposition of this action." *Id.* The Settlement Class consists of only a Rule 23(b)(2) class defined as: "All persons who purchased the Class Rapid Release Gelcaps in the United States within the applicable statute of limitations established by the State of California through the final disposition of this action." The difference between the two classes is appropriate given the specific facts of this Action. As explained above, Plaintiffs' Counsel learned that a Rule 23(b)(3) damages class would not be beneficial to class members and that the price premium paid by the proposed class was minimal, leaving class members at risk of receiving only nominal damages—with no assurance of receiving protection from deceptive marketing of the products continuing into the future. Injunctive relief as provided for in the Settlement Agreement will prevent future harm from occurring. As such, it was appropriate for Class Counsel to re-define the Settlement Class as a nationwide class. Such relief will protect Plaintiffs and Class Members on a national scale from suffering further damages in the future.

**D.     The Court Should Certify the Settlement Class for Settlement Purposes.**

**i.     The Settlement Class satisfies Federal Rule of Civil Procedure 23(a).**

**Numerosity.** Rite Aid's sales data indicates that from 2014 through 2019 it sold over 600,000 units of Class Rapid Release Gelcaps in the state of California. Dkt. No. 129, at 7. Under the proposed Settlement, Plaintiffs now move for certification under Rule 23(b)(2) of a *nationwide* class of consumers who purchased the Class Rapid Release Gelcaps. The number of products covered by the Proposed Settlement includes these 600,000 units, plus far more in the balance of states in which Rite Aid sells these products Accordingly, numerosity has been met here.

**Commonality.** The questions of whether a reasonable consumer is likely to be deceived by Rite Aid's alleged conduct, and whether a reasonable consumer would have found the "rapid release" statement to be material, can both be resolved with common evidence on a class-wide basis. Dkt. No. 129, at 7-16.

**Typicality.** "Under the 'permissive [typicality] standards' of Rule 23(a)(3), the claims need only be 'reasonably co-extensive with those of absent class members,' rather than 'substantially identical.'" *True Health Chiropractic Inc. v. McKesson Corp.*, 332 F.R.D. 589, 606 (N.D. Cal. 2019) (quoting *Hanlon*, 150 F.3d at 1020). Here, the Court already found that Plaintiff Bailey satisfied typicality except with respect to his request to seek prospective injunctive relief on behalf of a Rule 23(b)(2) class. Dkt. No. 129, at 16-19. The Court noted that Bailey likely lacks standing to seek prospective injunctive relief, in light of his deposition testimony, which suggested he would be unwilling to purchase the product again even if Rite Aid were ordered to truthfully market the Class Rapid Release Gelcaps. *Id.* at 31. However, with the addition of Plaintiff Erakat, these concerns no longer exist. Unlike Plaintiff Bailey, Plaintiff Erakat has represented in the Second Amended Complaint that he would like to purchase the Class Rapid Release Gelcaps again in the future if properly labeled.  Accordingly, Plaintiff Erakat's claims and defenses "would be [] typical of those of the proposed injunctive relief class under Rule 23(b)(2)." Dkt. No. 129, at 19.

**Adequacy**. Finally, Plaintiffs and Class Counsel are adequate. Plaintiffs and Class Counsel have no conflicts of interest with the Settlement Class Members and have vigorously represented, and will continue to vigorously represent, the Settlement Class.

### ii.   The Settlement Class satisfies Federal Rule of Civil Procedure 23(b)(2).

Certification under Rule 23(b)(2) is appropriate when, in addition to the four requirements of Rule 23(a), "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class a whole." Fed. R. Civ. P. 23(b)(2). Injunctive relief as provided for in the Settlement Agreement will halt Rite Aid's uniform unlawful practices, making Rule 23(b)(2) certification appropriate. *See, e.g. Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (noting that Rule 23(b)(2) certification is

"unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole"); *Raffin v. Medicredit, Inc.*, No. CV 15-4912-GHK (PJWx), 2017 WL 131745, at *9-10 (C.D. Cal. Jan. 3, 2017) ("Because [the alleged unlawful practice] applies to the entire class, any injunctive relief prohibiting this practice would also apply to the entire class. We therefore conclude that [plaintiff] has satisfied the additional requirements of Rule 23(b)(2)"). The Settlement, if approved, would enjoin Rite Aid from deceptively marketing the Class Rapid Release Gelcaps to consumers nationwide, ensuring a general protection to Settlement Class Members from the deceptive marketing that has previously affected consumers of the relevant products.

**E.    The Settlement Conforms to the Procedural Guidance Factors for Class Action Settlements**

Adopted on November 1, 2018, the Northern District of California's Procedural Guidance for evaluating class action settlements applies here. As discussed below, each of the Guidance factors supports preliminary settlement approval.

**i.    Guidance 1a-d: Differences, Range and Plan of Allocation**

Section 1 of the Guidance requires discussion concerning any differences between the Settlement Class and the class proposed in the operative complaint. Reflecting the compromises inherent in settlements and the necessity of corresponding adjustments, courts routinely approve settlement classes defined differently from the operative complaint's definition, and changes between claims released in a settlement and claims to be certified for class treatment. *See, e.g., In re Netflix Privacy Litig.*, No. 5:11-CV-00379 EJD, 2012 WL 2598819, at * 1 (N.D. Cal. July 5, 2012) (approving settlement class different from class defined in Consolidated Class Action Complaint); *In re Chrysler-Dodge-Jeep Ecodiesel Mkting, Sales Practices, and Prods. Liab.Litig.*, No. 17-md-02777-EMC, 2019 WL 536661, at * 3-7 (N.D. Cal. Feb. 11, 2019) (same); *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200-HSG, 2020 WL 511953, at 5-6 (N.D. Cal. Jan. 31, 2020) (approving settlement class defined differently from classes certified); *Spann v. J.C. Penney Corp.,* 314 F.R.D. 312, 318-15 (C.D. Cal. 2016*)* (same).

Here the Proposed Settlement Class differs from that described in the operative complaint only insofar as it expands the class from California-only to a nationwide class and, as described above, seeks only injunctive and not monetary relief. This modification became necessary only after Plaintiffs' damages expert confirmed that further pursuit of monetary damages would not be beneficial to the Class.

### ii.   Guidance 1e: The Proposed Settlement Provides a Favorable Recovery and Falls Within the Range of Approvability

The Guidance requires comparative analysis of the anticipated Settlement Class recovery and the potential class recovery if the named Plaintiffs fully prevailed on their claims, and an explanation of why the amounts differ, as they almost always will in any large class action settlement. As described above, Plaintiffs' Counsel learned that a Rule 23(b)(3) damages class would not be beneficial to class members and that the price premium paid by the proposed class was minimal, leaving class members at risk of receiving only nominal damages—and certainly not receiving protections from continuing deceptive marketing of the products into the future.  This is not a concession that Plaintiffs would not have prevailed on their claims. Rather, it is a candid reflection of the risk-reward calculus, performed by experienced and well-informed Counsel, about the potential damages available for each claim, in light of the best interests of the Settlement Class. *See Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 963 (9th Cir. 2009*)* (court should consider "the experience and views of counsel"); *Sandoval Ortega v. Aho Enterprises, Inc.,* No. 19-CV-00404-DMR, 2021 WL 5584761, *8 (N.D. Cal. Nov. 30, 2021) ("The experience and views of counsel weigh in favor of approving the settlement."); *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ("Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.").

### iii.   Guidance 1f.-g.: Allocation Plan Merits Preliminary Approval

Not applicable to this (b)(2) class settlement.

### iv.   Guidance 2: The Proposed Settlement Administrator

Not applicable since notice is not required for a Rule 23(b)(2) class.

### v.      Guidance 3: Proposed Notices to Settlement Class are Approvable

Not applicable since notice is not required for a Rule 23(b)(2) class.

### vi.     Guidance 4 and 5: Opt-Outs and Objections

Not applicable since opt-outs are not permitted for a Rule 23(b)(2) class.

### vii.    Guidance 6: The Anticipated Attorneys' Fees and Expenses Request

Counsel anticipates requesting an award of attorneys' fees up to $361,666.66 reflecting a negative lodestar, which includes reimbursement of reasonable out-of-pocket expenses and costs. Rite Aid has the right to object to this request – indeed to *any* request for attorneys' fees and expenses, but the requested award is entirely justified. "Having obtained excellent results for the…class, class counsel seek compensation for their efforts as they have a right to do under relevant case law." *Kang and Moses v. Wells Fargo Bank, N.A.*, Nos. 17-cv-06220-BLF, 21-cv-00071-BLF, 2021 WL 5826230, at * 10 (N.D. Cal. Dec. 8, 2021).  Prolonging this litigation, in light of the injunctive relief obtained, squarely contradicts the Settlement Class's best interests.

### viii.   Guidance 7: The Proposed Settlement and Proposed Service Awards Do Not Unjustly Favor any Class Members, including Named Plaintiffs

Plaintiffs' Counsel will request a Service Awards of up to $5,000 for Plaintiff Thomas Bailey which Rite Aid has agreed not to oppose. In determining if a settlement improperly grants preferential treatment to named Plaintiffs, the Court may consider whether there is a "significant disparity between the incentive award[ ] and the payments to the rest of the class members" such that it creates a conflict of interest. *Radcliffe v.Experian Info. Solutions, Inc.*, 715 F. 3d 1157, 1165 (9th Cir. 2013). Because there are no payments to the Class Members, there is no occasion for conflict. The Court may also consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.,* 327 F.3d 938, 977 (9th Cir. 2003); *see also In re Magsafe Apple Power Litig.*, No. 5:09-CV-01911-EJD, 2015 WL 428105, at * 15 (N. D. Cal. Jan. 30, 2015) (same).

Finally, the Court must determine if a conflict exists where the incentive award is conditioned on the class representative's approval and support of the Settlement. *See Radcliffe*, 715 F. 3d at 1161. The proposed maximum Service Award is well within the approvability range. "Incentive awards typically range from $2,000 to $10,000." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015) (collecting cases). Courts in the Northern District of California have found awards of $5,000 presumptively reasonable. *See In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015); *Rosado v. eBay Inc.*, No. 5:12-cv-04005-EJD, 2016 WL 3401987, at * 9 (N.D. Cal. June 21, 2016). Here, the Proposed Settlement is not conditioned on approval of any Service Award and the proposed Service Award is not conditioned on the Named Plaintiff's support of the Settlement. These facts strongly support a finding that the Settlement does not grant preferential treatment to the Named Plaintiffs.

Plaintiff Bailey's dedication to the case, the time and work he did in prosecuting it, all with no guarantees of any recovery at all, support the Court's granting of the full amount of the requested Service Award. *See, e.g., Eddings v. Health Net, Inc.*, No. CV-10-1744-JST (RZX), 2013 WL 3013867, at * 7 (C.D. Cal. June 13, 2013) (approving $6,000 service award from $600,000 settlement to compensate named plaintiff for time, effort and risk).

### ix.    Guidance 8: Cy Pres Recipients

The Agreement does not contemplate cy pres distributions.

### x.    Guidance 9: Proposed Timeline

In connection with preliminary Settlement approval, the Court must set dates for a number of related proceedings and events. The Parties suggest the following schedule:

- Deadline to submit opening briefs and supporting documents in favor of Final Approval of the Settlement - Not later than sixty-five (65) days before the Final Fairness Hearing.

- Deadline to submit opening briefs and supporting documents for Motion Fee and Expense Award and for Service Awards - Not later than sixty-five (65) days before the Final Fairness Hearing.

- Final Fairness Hearing Scheduled at the Court's discretion.

### xi.    Guidance 10: Class Action Fairness Act

As required by Section 10 of the Guidance, and the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, Rite Aid will serve notice of the Settlement and other required documents upon the appropriate government officials, and will provide proof of such service prior to the Final Approval hearing.

### xii.    Guidance 11: Past Comparable Settlements

Past comparable settlements pursuant to Federal Rule of Civil Procedure 23(b)(2) by Milberg Coleman Bryson Phillips Grossman, PLLC include *Williams v. Reckitt Benckiser LLC*, No. 20-23564, 2021 WL 8129371 (S.D. Fla. Dec. 15, 2021). There, the court considered preliminary approval of a class action settlement relating to the Neuriva "brain health" supplement. In considering approval, the *Williams* court explained that "[w]ords matter," noting the fulsome relief afforded by Rule 23(b)(2) injunctive relief in eliminating deceptive language from the supplement's label. *Id.* at *1. In *Williams*, just as is the case here, "[t]he parties tout[ed] the injunctive relief . . .as a critical part of the settlement." *Id.* Pursuant to the afforded injunctive relief, the defendant would, for example, be required to change its marketing and labeling of the Neuriva supplement—no longer permitted to market the supplement as being "scientifically and clinically 'proven' or which 'show[s]' benefits after being 'tested'" for a period of two years. *Id.* Based upon this proposed injunctive relief, the *Williams* court was "convinced [] that these language limits and changes are significant" and the "important words associated with the sale and marketing of the Neuriva products will be prohibited." *Id.* at *2. Based upon this significant relief, the magistrate judge issued his report and recommendation that the class action settlement be approved.

There are significant similarities between the Neuriva supplements and their deceptive marketing and labeling and the Class Rapid Release Gelcaps and their deceptive marketing and labeling at issue here. Like *Williams*, the injunctive relief proposed in the Settlement would materially affect the labeling of the products, removing deceptive misrepresentations and affording "significant" relief to consumers.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court preliminarily approve the Settlement, preliminary certify the Settlement Class and approve the termination or decertification of the existing (b)(3) class, enter the Preliminary Approval Order, appoint them as Class Representatives, appoint Milberg Coleman Bryson Phillips Grossman, PLLC, and Simmons Hanly Conroy as Class Counsel, and schedule a Final Approval Hearing.

DATED:  April 29, 2022        Respectfully submitted,

/s/ *Mitchell M. Breit*
Mitchell M. Breit (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, New York 10022
Phone: (347) 668-8445
mbreit@milberg.com

Gregory F. Coleman (*pro hac vice*)
Adam A. Edwards (*pro hac vice*)
Mark E. Silvey (*pro hac vice*)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel.: (865) 247-0080
Fax: (865) 522-0049
gcoleman@milberg.com
aedwards@milberg.com
msilvey@milberg.com

Crystal Foley (SBN 224627)
**SIMMONS HANLY CONROY**
100 N. Sepulveda Blvd., Suite 1350
El Segundo, California 90245
Telephone: (310) 322-3555
Facsimile:  (310) 322-3655
cfoley@simmonsfirm.com

*Attorneys for the Proposed Settlement Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Mitchell M. Breit*